LONG YOU WANG, a.k.a. Yun
Long Wang, Petitioner,

v.

Michael B. MUKASEY, United States
Attorney General, Respondent.

No. 07–5231–ag.

United States Court of Appeals,
Second Circuit.

Sept. 19, 2008.

Sheema Chaudhry, Law Offices of Michael Brown, New York, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Civil Division, Anthony C. Payne, Senior Litigation Counsel, Regina Byrd, Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. JOSÉ A. CABRANES and Hon. ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

Petitioner Long You Wang, a native and citizen of China, seeks review of a November 1, 2007 order of the BIA affirming the December 28, 2005 decision of Immigration Judge ("IJ") Robert Weisel denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Long You Wang*, No. A 95 708 722 (B.I.A. Nov. 1, 2007), *aff'g* No. A 95 708 722 (Immig. Ct. N.Y. City Dec. 28, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, this Court reviews both the BIA's and IJ's opinions— or more precisely, the Court reviews the IJ's decision including the portions not explicitly discussed by the BIA. *Yun–Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir.2005). We review the agency's factual

findings, including adverse credibility findings, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008). For asylum applications governed by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's demeanor, the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). Thus, we "defer to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 167 (2d Cir.2008).

Substantial evidence supports the IJ's adverse credibility determination which was based on: (1) the inconsistency between Wang's testimony that he was arrested on December 5th and later testimony that he was arrested on February 10th; (2) the omission from Wang's asylum application of any assertion that he was beaten during his detention, despite his testimony that he was; and (3) the implausibility of Wang's testimony that the government did not revoke his business license after arresting him and closing down his store for selling Falun Gong compact discs.

Wang asserts that the inconsistency and omission are minor. However, under the REAL ID Act, which applies to Wang's application for relief, "an IJ may rely on *any* inconsistency or omission in making an adverse credibility determination as long as the 'totality of the circumstances' establishes that an asylum applicant is not credible." *Xiu Xia Lin,* 534 F.3d at 167 (emphasis in original). Although Wang asserts that he reasonably explained the omission from his asylum application, a reasonable factfinder would not be compelled to credit his explanation that he forgot to include the beating or that he was pressured by a snakehead. *See Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005).

Regarding the IJ's implausibility finding, Wang argues that he could not reasonably be expected to know the motivation for the government's actions concerning his business. However, when taken in the context of the IJ's other findings, the IJ did not err in finding this testimony implausible. *See Ying Li v. BCIS,* 529 F.3d 79, 82 (2d Cir.2008) (explaining that this Court reviews implausibility findings in the context of the entire record and "not whether each unusual or implausible feature of the account can be explained or rationalized"). Additionally, the IJ properly found that Wang's deficient corroboration rendered him unable to rehabilitate his testimony. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 341 (2d Cir.2006).

Taken as a whole, the IJ's adverse credibility determination was supported by substantial evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin,* 534 F.3d at 167. Therefore, the IJ properly denied Wang's applications for asylum, withholding of removal, and CAT relief where the only evidence that he would be persecuted or tortured depended on his credibility. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006); *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance Procedure 34(a)(2),

with Federal Rule of Appellate and Second
Circuit Local Rule 34(b).